IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| MARIO MORALES, MARISSA TINDALE, and ANGELA SMITH, | ) ) ) |
| Plaintiffs, | ) ) Civil Action No. 2:22-cv-024-LGW-BWC ) |
| v. | ) ) |
| GLYNN COUNTY, GEORGIA, SAMMY TOSTENSEN, CAP FENDIG, WAYNE NEAL, BILL BRUNSON, ALLEN BOOKER, DAVID O'QUINN, WALTER RAFOLSKI, and ALAN OURS, | ) ) ) ) ) ) |
| Defendants. | ) ) |

## ANSWER OF DEFENDANTS GLYNN COUNTY, SAMMY TOSTENSEN, CAP FENDIG, WAYNE NEAL, BILL BRUNSON, AND ALLEN BOOKER

Come now Glynn County, Georgia, Sammy Tostensen, Cap Fendig, Wayne Neal, Bill Brunson, and Allen Booker, those Defendants who have been served ("Defendants"), and file this Answer.

### FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief may be granted and should be dismissed.

### SECOND DEFENSE

Plaintiffs were not unlawfully discriminated against on the basis of race, color, sex, national origin, or upon any basis. Plaintiffs' Complaint should be dismissed.

THIRD DEFENSE

Defendants are entitled to absolute immunity from civil liability for legislative action. Plaintiffs' claims asserted per 42 U.S.C. § 1983 should be dismissed.

FOURTH DEFENSE

To the extent a Plaintiff failed to assert a claim of national origin discrimination or any other claim in a Charge of Discrimination filed with the EEOC within 180 days of any alleged discriminatory act, such Plaintiff has failed to exhaust administrative remedies, failed to meet statutes of limitations, and failed to meet all condition precedents to the filing of an action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, and the Title VII claim should be dismissed.

FIFTH DEFENSE

With regard to claims asserted under Title VII, Plaintiffs bear the burden of showing that they have met the requirement of filing a civil action within ninety days after receiving the Notice(s) of Right to Sue (Issued Upon Request) issued 11/11/2021. To the extent Plaintiffs cannot meet that burden, Plaintiffs' Title VII claims should be dismissed for failure to comply with a condition precedent to suit, for failure to exhaust administrative remedies and for failure to file a civil action within the requisite 90 day statute of limitations window.

SIXTH DEFENSE

The individual Defendants in their individual capacities are entitled to qualified immunity.

SEVENTH DEFENSE

Plaintiffs' Complaint alleges no policy, practice or custom which caused Plaintiffs to be deprived of any right, privilege or immunity secured by the Constitution or laws of the United States; therefore, Plaintiffs' 42 U.S.C. § 1983 claims should be dismissed.

EIGHTH DEFENSE

These Defendants were motivated by lawful considerations with regard to any acts of omission or commission which are complained about by Plaintiffs. Plaintiffs cannot show but-for causation. Defendants preserve the right to assert a defense that the same action would have been taken in the absence of alleged discriminatory intent, assuming <u>arguendo</u> that Plaintiffs could show discriminatory intent, which discriminatory intent is denied.

NINTH DEFENSE

Defendants lacked discriminatory intent and purpose in the employment decision at issue, and Plaintiffs' Complaint should be dismissed.

TENTH DEFENSE

Glynn County, and the individual Defendants in their official capacities, are entitled to sovereign immunity.

ELEVENTH DEFENSE

Plaintiffs' allegations do not support a claim for punitive damages. Further, there is no sustainable claim for any damages against any of the Defendants. The individual Defendants have at all times acted in good faith with regard to Plaintiff and have not acted recklessly or malicious with regard to their rights.

TWELFTH DEFENSE

Plaintiffs have not alleged or suffered a constitutional injury actionable under 42 U.S.C. § 1983.

THIRTEENTH DEFENSE

Defendants cannot be held liable on any claim for any actions involving Plaintiffs in which they did not directly participate or of which they had no knowledge.

<u>FOURTEENTH DEFENSE</u>

Defendants have not proximately caused Plaintiffs any cognizable injury.

<u>FIFTEENTH DEFENSE</u>

Answering the numbered paragraphs of Plaintiffs' Complaint, Defendants answer as follows:

1. The allegations contained in the unnumbered paragraphs prior to numbered Paragraph 1 are denied. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1, and the allegations are therefore denied.

2. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2, and the allegations are therefore denied.

3. Answering Paragraph 3, Plaintiff Smith is believed to be a person and a U.S. Citizen residing in Georgia, and over the age of majority. Any remaining allegations contained in Paragraph 3 are denied.

4. Answering Paragraph 4, Defendant Glynn County is a body politic and subdivision of the State of Georgia, existing under the laws and Constitution of the State of Georgia. Glynn County is subject to the jurisdiction of this Court, and has been served with a copy of the Summons and Complaint. David O'Quinn is Chairman of the Glynn County Board of Commissioners. Service of Glynn County was not accomplished by service upon Mr. O'Quinn. Any remaining allegations contained in Paragraph 4 are denied.

5. Answering Paragraph 5, it is not clear the parameters used by Plaintiffs with the phrase "all times relevant to the allegations" in the Complaint. By way of further answer, Mr. Tostensen is a Commissioner of the Glynn County Board of Commissioners. The Glynn County Board of Commissioners appointed Glynn County Police Chief Jacques Battiste and

approved the Glynn County Police Chief employment agreement with Mr. Battiste. Mr. Tostensen has been served with the Summons and Complaint, and is subject to the jurisdiction of this Court. Any remaining allegations contained in Paragraph 5 are denied.

6. Answering Paragraph 6, it is not clear the parameters used by Plaintiffs with the phrase "all times relevant to the allegations" in the Complaint. By way of further answer, Mr. Fendig is a Commissioner of the Glynn County Board of Commissioners. The Glynn County Board of Commissioners appointed Glynn County Police Chief Jacques Battiste and approved the Glynn County Police Chief employment agreement with Mr. Battiste. Mr. Fendig has been served with the Summons and Complaint, and is subject to the jurisdiction of this Court. Any remaining allegations contained in Paragraph 6 are denied.

7. Answering Paragraph 7, it is not clear the parameters used by Plaintiffs with the phrase "all times relevant to the allegations" in the Complaint. By way of further answer, Mr. Neal is Vice-Chairman of the Glynn County Board of Commissioners. The Glynn County Board of Commissioners appointed Glynn County Police Chief Jacques Battiste and approved the Glynn County Police Chief employment agreement with Mr. Battiste. Mr. Neal has been served with the Summons and Complaint, and is subject to the jurisdiction of this Court. Any remaining allegations contained in Paragraph 7 are denied.

8. Answering Paragraph 8, it is not clear the parameters used by Plaintiffs with the phrase "all times relevant to the allegations" in the Complaint. By way of further answer, Mr. Brunson is a Commissioner of the Glynn County Board of Commissioners. The Glynn County Board of Commissioners appointed Glynn County Police Chief Jacques Battiste and approved the Glynn County Police Chief employment agreement with Mr. Battiste. Mr. Brunson has been

served with the Summons and Complaint, and is subject to the jurisdiction of this Court. Any remaining allegations contained in Paragraph 8 are denied.

9. Answering Paragraph 9, it is not clear the parameters used by Plaintiffs with the phrase "all times relevant to the allegations" in the Complaint. By way of further answer, Mr. Booker is a Commissioner of the Glynn County Board of Commissioners. The Glynn County Board of Commissioners appointed Glynn County Police Chief Jacques Battiste and approved the Glynn County Police Chief employment agreement with Mr. Battiste. Mr. Booker has been served with the Summons and Complaint, and is subject to the jurisdiction of this Court. Any remaining allegations contained in Paragraph 9 are denied.

10. Answering Paragraph 10, it is not clear the parameters used by Plaintiffs with the phrase "all times relevant to the allegations" in the Complaint. By way of further answer, Mr. O'Quinn is Chairman of the Glynn County Board of Commissioners. The Glynn County Board of Commissioners appointed Glynn County Police Chief Jacques Battiste and approved the Glynn County Police Chief employment agreement with Mr. Battiste. Mr. O'Quinn has not been served with the Summons and Complaint, and is not subject to the jurisdiction of this Court. Any remaining allegations contained in Paragraph 10 are denied.

11. Answering Paragraph 11, it is not clear the parameters used by Plaintiffs with the phrase "all times relevant to the allegations" in the Complaint. By way of further answer, Mr. Rafolski is a Commissioner of the Glynn County Board of Commissioners. The Glynn County Board of Commissioners appointed Glynn County Police Chief Jacques Battiste and approved the Glynn County Police Chief employment agreement with Mr. Battiste. Mr. Rafolski has not been served with the Summons and Complaint, and is not subject to the jurisdiction of this Court. Any remaining allegations contained in Paragraph 11 are denied.

12. Answering Paragraph 12, it is not clear the parameters used by Plaintiffs with the phrase "all times relevant to the allegations" in the Complaint. By way of further answer, Mr. Ours was Glynn County Administrator or Glynn County Manager from August 9, 2010 to April 1, 2021. He is currently County Manager of Lumpkin County, Georgia. Mr. Ours was not employed by Glynn County at the time of the appointment of Glynn County Police Chief Jacques Battiste. Mr. Ours has not been served with the Summons and Complaint and is not subject to the jurisdiction of this Court. Any remaining allegations contained in Paragraph 12 are denied.

13. Defendants deny that the suit has any validity in claims brought under Title VII or the Fourteenth Amendment to the U.S. Constitution asserted per 42 U.S.C. § 1983, or any other action in law or in equity. Any remaining allegations contained in Paragraph 13 are denied.

14. The allegations contained in Paragraph 14 are denied.

15. The allegations contained in Paragraph 15 are admitted as to those served with the Summons and Complaint.

16. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 as to Mr. Morales being a Latino non-Black male, and the allegations are therefore denied.

17. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17, and the allegations are therefore denied.

18. Defendant Booker admits the allegations contained in Paragraph 18. The remaining defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18, and the allegations are therefore denied.

19. Answering Paragraph 19, the first sentence is admitted. Mr. Ours was not employed by Glynn County after April 1, 2021, and the second sentence of Paragraph 19 is denied.

20. Answering Paragraph 20, on February 28, 2020 then-Glynn County Police Chief John Powell, Vidalia Police Chief Brian Scott, and former Glynn County Police Department officers David Haney and David Hassler were indicted by a grand jury. The charges came after former Glynn County narcotics officer James Cassada was prosecuted for misdeeds. Any remaining allegations contained in Paragraph 20 are denied.

21. Answering Paragraph 21, Jay Wiggins was named interim Glynn County Police Chief, and later Glynn County Police Chief. Mr. Wiggins retired in January, 2021. Any remaining allegations contained in Paragraph 21 are denied.

22. Answering Paragraph 22, the Glynn County Board of Commissioners had a meeting on January 21, 2021. Per the meeting minutes, a motion carried following discussion to accept a proposal from the Georgia Association of Chiefs of Police to conduct a search for a new Police Chief. Any remaining allegations contained in Paragraph 22 are denied.

23. Answering Paragraph 23, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23, and the allegations are therefore denied. By way of further answer, Plaintiffs assert in their then-counsel's letters dated October 12, 2021 attached to Plaintiffs' Charges of Discrimination filed with the EEOC, that Mr. Booker used such a phrase on January 21, 2021 in a way which can only be read as relating to community policing, and not race:

[Alleged Statements and Punctuation in Plaintiffs' letters attached to their Charges of Discrimination, at p. 4]

. . . [MR. OURS] "I believe the chiefs association to do everything they can, as well as the other firms to impact the pool, but at the end of the day it is who applies. Our goal is for them to be diverse, to have experience with community oriented policing, because that's part of the 21 century policing practice and certainly the intent of this board. And so I believe that the Georgia Chiefs Association will bring a diverse pool of candidates."

8

[MR. BOOKER] "Yeah, I really doubt it will be with the mentality of a community service, really mentality of service versus a warrior mentality. If you have a group of folks being in law enforcement that long and they're seeking because everybody's idea of community policing is not the same. That is the purpose of bringing in The Initiative in. Something that in particular the black community, which is most impacted by the concept of community policing and to choose somebody other than something that the black community would be comfortable with, I think it's the wrong way to go. I really think we are setting ourselves up for other issues by going a different way. And talking about testing and folk who have 40 years in the old way of policing I don't think is going to get us there."

By way of further answer, The Brunswick News report of the January 21, 2021 Board of Commissioners meeting indicated, as to Commissioner Booker:

> Commissioner Allen Booker, whose district is mostly within the Brunswick city limits, said he wanted someone who can build trust with the local African American population, regardless of race. "First of all, we've got to restore the trust of the Black community. Right now, we are concerned that if any of our children, especially our young Black men, get a ticket, they could be killed if it's the wrong police officer," Booker said. "(The new chief's race) doesn't matter to me as long as they're willing to protect and serve the entire community." Most officers are good people with a strong desire to protect and serve, he said, but the familiar way with which some treated Greg McMichael following the February 2020 slaying of Ahmaud Arbery left a very bad impression. McMichael, a former county police officer and retired investigator for the district attorney's office, is one of three men on trial for the killing of Arbery. "The Black community should feel as safe as the White community does, and right now that's not true," Booker said.

24. The allegations contained in Paragraph 24 are denied. By way of further answer, it is profoundly misleading for Plaintiffs to claim that Mr. Booker used the alleged statement in Paragraph 24, "choose somebody other than something that the Black community would be comfortable with, I think it's the wrong way to go", and not to give further context with which Plaintiffs have elsewhere set out, and then to twist the phrase in a way it was clearly not intended, to imply that the phrase would have meant that Mr. Booker was communicating that the County should only consider hiring a Black Chief of Police, when Mr. Booker's reported statements in The Brunswick News from that meeting communicated a desire for a police chief who can build trust regardless of race.

9

25. Answering Paragraph 25, the Glynn County Board of Commissioners had a meeting on January 21, 2021. Per the meeting minutes, a motion carried following discussion to accept a proposal from the Georgia Association of Chiefs of Police to conduct a search for a new Police Chief. By way of further answer, the search was conducted with input from the National Organization of Black Law Enforcement Executives (NOBLE). Any remaining allegations contained in Paragraph 25 are denied.

26. Answering Paragraph 26, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26, and the allegations are therefore denied.

27. Answering Paragraph 27, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27, and the allegations are therefore denied.

28. Answering Paragraph 28, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28, and the allegations are therefore denied.

29. Answering Paragraph 29, Plaintiff Tindale was a former Captain with the Glynn County Police Department who had applied for the position of Police Chief in late 2017 or early 2018. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 29, and the allegations are therefore denied.

30. Answering Paragraph 30, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30, and the allegations are therefore denied.

31. Answering Paragraph 31, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31, and the allegations are therefore denied.

32. Answering Paragraph 32, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32, and the allegations are therefore denied.

33. Answering Paragraph 33, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33, and the allegations are therefore denied.

34. Answering Paragraph 34, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34, and the allegations are therefore denied.

35. Answering Paragraph 35, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35, and the allegations are therefore denied.

36. The allegations contained in Paragraph 36 are denied.

37. Defendants deny that the Board of Commissioners met on March 5, 2021, and the allegations contained in Paragraph 37 are therefore denied.

38. The allegations contained in Paragraph 38 are denied.

39. The allegations contained in Paragraph 39 are denied.

40. Answering Paragraph 40, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40, and the allegations are therefore denied.

41. Answering Paragraph 41, on June 17, 2021 the Glynn County Board of Commissioners made a motion, which carried, to appoint Jacques Battiste as Glynn County Police Chief, and to approve the Glynn County Police Chief employment agreement with Mr. Battiste. By way of further answer, Chief Battiste is a Black male. Any remaining allegations contained in Paragraph 41 are denied.

42. Answering Paragraph 42, Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 42, and the allegations are therefore denied.

43. The allegations contained in Paragraph 43 are denied.

44. The first sentence contained in Paragraph 44 is denied. Defendants deny having any understanding at the time the vote was made to extend a contract to Chief Battiste that there would be an issue with P.O.S.T. certification delaying a swearing in. By way of further answer, Chief Battiste was sworn in as Glynn County's Chief of Police on December 18, 2021, after a swearing in ceremony scheduled for July 15, 2021 was cancelled on that day. It has been reported that Chief Battiste mastered a physical fitness course in September, 2021 on his third try. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiffs' P.O.S.T. certification, and the allegations are therefore denied. Any remaining allegations contained in Paragraph 44 are denied.

45. Answering Paragraph 45, Plaintiffs may have filed EEOC Charge of Discrimination Nos. 415-2022-00153 (Plaintiff Morales), 415-2022-00157 (Plaintiff Smith), and 415-2022-00161 (Plaintiff Tindale), on November 8, 2021. Any remaining allegations contained in Paragraph 45 are denied.

46. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46, and the allegations are denied. By way of further answer, Glynn County received a copy of the Notices of Right to Sue (Issued Upon Request) on November 12, 2021.

47. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47, and the allegations are denied. By way of further answer, Glynn County received a copy of the Notices of Right to Sue (Issued Upon Request) on November 12, 2021.

48. The allegations contained in Paragraph 48 are denied.

49. The allegations contained in Paragraph 49 are admitted.

50. The allegations contained in Paragraph 50 are admitted.

51. The allegations contained in Paragraph 51 are denied.

52. The allegations contained in Paragraph 52 are denied.

53. The allegations contained in Paragraph 53 are denied.

54. The allegations contained in Paragraph 54 are denied.

55. The allegations contained in Paragraph 55 are denied.

56. The allegations contained in Paragraph 56 are denied.

57. The allegations contained in Paragraph 57 are denied.

58. The allegations contained in Paragraph 58 are denied.

59. The allegations contained in Paragraph 59 are denied.

60. The allegations contained in Paragraph 60 are denied.

61. The allegations contained in Paragraph 61 are denied.

62. The allegations contained in Paragraph 62 are denied.

63. Defendants deny wrongful conduct as Plaintiffs allege, and the allegations contained in Paragraph 63 are therefore denied.

64. The allegations contained in Paragraph 64 are denied.

65. The allegations contained in Paragraph 65 are denied.

66. The allegations contained in Paragraph 66 are denied.

67. The allegations contained in Paragraph 67 are denied.

68. The allegations contained in Paragraph 68 are denied.

69. The allegations contained in Paragraph 69 are denied.

70. The allegations contained in Paragraph 70 are denied.

71. The allegations contained in Paragraph 71 are denied.

72. Defendants deny wrongful events as Plaintiffs allege, and the allegations contained in Paragraph 72 are therefore denied.

73. The allegations contained in Paragraph 73 are denied.

74. The allegations contained in Paragraph 74 are denied.

75. The allegations contained in Paragraph 75 are denied.

76. Defendants deny discrimination and the allegations contained in Paragraph 76 are therefore denied.

77. The allegations contained in Paragraph 77 are denied.

78. Any paragraphs or portions of paragraphs not specifically admitted are herein denied.

WHEREFORE, Defendants Glynn County, Georgia, Sammy Tostensen, Cap Fendig, Wayne Neal, Bill Brunson, and Allen Booker respectfully request that Plaintiffs' Complaint be dismissed, with costs cast upon the Plaintiffs.

This *4th* day of April, 2022.

                                  OLIVER MANER LLP

                                  */s/ Patrick T. O'Connor*
                                  PATRICK T. O'CONNOR
                                  Georgia State Bar No. 548425

                                  */s/ Patricia T. Paul*
                                  PATRICIA T. PAUL
                                  Georgia State Bar No. 697845

218 W. State Street                Attorneys for Defendant Glynn County,
P. O. Box 10186                   Sammy Tostensen, Cap Fendig,
Savannah, Georgia  31412        Wayne Neal, Bill Brunson and
(912) 236-3311                  Allen Booker
pto@olivermaner.com
ppaul@olivermaner.com

                                  */s/ Aaron Mumford*
                                  AARON MUMFORD
                                  Georgia State Bar No. 529370
                                  Glynn County Attorney

701 G Street
Brunswick, GA  31520             Attorney for Defendant Glynn County
(912) 554-7470
amumford@glynncounty-ga.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| MARIO MORALES, MARISSA TINDALE, and ANGELA SMITH, | ) ) ) |
| Plaintiffs, | ) Civil Action No. 2:22-cv-024-LGW-BWC ) |
| v. | ) ) |
| GLYNN COUNTY, GEORGIA, SAMMY TOSTENSEN, CAP FENDIG, WAYNE NEAL, BILL BRUNSON, ALLEN BOOKER, DAVID O'QUINN, WALTER RAFOLSKI, and ALAN OURS, | ) ) ) ) ) ) |
| Defendants. | ) |

CERTIFICATE OF SERVICE

This is to certify that I have on this day served all the parties in this case in accordance with the directives from the Court Notice of Electronic Filing ("NEF") which was generated as a result of electronic filing.

This *4th* day of April, 2022.

OLIVER MANER LLP

/s/ Patricia T. Paul
PATRICIA T. PAUL
Georgia State Bar No. 697845

218 W. State Street
P. O. Box 10186
Savannah, Georgia  31412
(912) 236-3311
pto@olivermaner.com
ppaul@olivermaner.com

Attorneys for Defendant Glynn County,
Sammy Tostensen, Cap Fendig,
Wayne Neal, Bill Brunson and
Allen Booker

16